At the Circuit court of law and chancery held for the county of Culpeper on the 4th of June 1849, John P. Kelly was indicted for erecting and placing a gate and gate posts' across a public road and highway in the county of Culpeper. The defendant pleaded not guilty ; and the jury rendered a verdict against him.
The facts proved on the trial were, that there was no record establishing the road as a public road and highway, nor was there any record that the County court regarded the road as a public one, either by laying it off into precincts, by appointing surveyors of it or otherwise : on the contrary, there was parol evidence which proved that no surveyor of the road had ever been appointed, and that the road had never been worked upon by any hands, public or private, but on one occasion, when a certain Staunton Slaughter, on the part of the road which run through his land, with his own hands worked on the road at a steep hill near his mill; and *633 placed some saw mill slabs in a wet place in the road. That the road had existed for forty or fifty years, but that the owners of the soil through which it was conducted down to a period of about twenty-five years before the obstruction mentioned in the indictment, at their will and pleasure, changed the road; but that there had been no such change for between twenty and twenty-five years before the obstruction by the defendant. And it was proved that there was no reason to believe that any of the records of the County court of Culpeper had been lost or destroyed. This being the evidence, the defendant asked the Court to instruct the jury, first, that they ought to find for the defendant on account of the absence of record evidence that the road had been accepted by the County court or by the county; 2dly, that they ought to find for the defendant, unless there was something in the evidence, besides the mere use of the road by individuals, no matter how general, to satisfy them that it had been accepted by the County court or by the county as a public road ; and 3dly, that they ought to find for the defendant, unless they were satisfied by the evidence that the road had been dedicated by the owners of the soil to the public use as a highway, and had been accepted as a highway by the general public of the county, and not by the local public only of a small neighbourhood around it. The Court refused to give these instructions; but instructed the jury, that a road to become a highway by dedication and long use must have been accepted by competent authority; of which dedication and acceptance they were to judge from all the circumstances before them. The defendant excepted to the opinion of the Court for refusing to give the instructions asked for, and for the instruction given to the jury.
At first the Court rendered a judgment against the defendant for the fine assessed against him, but subsequently on the motion of the defendant to award him *634 a new trial, set aside the judgment and adjourned the motion to this Court.
The question adjourned is an important one, since to decide it, it may be necessary to consider whether from user alone both a dedication and acceptance may be inferred. This question does not seem to have been directly submitted to this Court; nor have we met with a case in which the question has been before the Court of appeals. In Brander v. The Justices of Chesterfield, 5 Call 548, Judges Tucker and Roane expressed opinions that as public roads are established by matter of record, matter of record only could be admitted to prove a road a public road; and in Clarke v. Mayo, 4 Call 374, Lyons, J. said there could be no public road unless it appeared of record. As in this state the County courts are alone authorized to establish public roads, we would have considered these opinions as settling the law, but for the cases decided in England by which roads have been established from long use.
By the cases to which we have alluded, a road may become a public one by reason of a dedication of a right of passage to the public by the owner of the soil and an acceptance by the public. But a dedication without an acceptance will not establish a public road. Best on Pres. 47 Law Libr. 133, side paging. We have no objection to this proposition: it is indeed sustained by the case of Clarke v. Mayo, 4 Call 374. But the cases in England go farther, and seem to decide that from mere user both the dedication and acceptance may be inferred ; as if a man open his land so that the public pass over it continually, after a very few years the public will acquire a right of way, unless some act be done to shew that he intended only to give a license to the public to pass over the land and not to dedicate a right of way to the public. Best on Pres. 47 Law Libr. 133. To this proposition we cannot give our assent, and from the wide difference in the state of the *635 two countries, we do not think that the decisions of the English Courts ought to have much weight with the Courts of this state on questions upon the establishment of highways. In England the price of land is high and owners prohibit with great care all trespasses upon it. And in that country it may be that it rarely happens that an owner permits a free passage over his land, without intending to dedicate it as a road to the public • and indeed, if a man with a knowledge of the decisions of the Courts, should permit a free passage over his land, the fair inference would be that he intended to dedicate it as a public road. In this country the price of laud is not high; nor do owners of it guard against trespasses on it with the same care ; and it is known to all who have lived in the country, that until a recent period, owners frequently permitted roads to be opened through their forests and other lands not in cultivation without the least intention of dedicating these roads to the public. Many roads so opened remain for long periods, and indeed they are not often closed until the owners have occasion to cultivate the land through which they run. Even in England there must be an intention to dedicate the road, there must be the animus dedicandi, of which the use is the evidence and nothing more. Best on Pres. 47 Law Libr. 135. And there the use may furnish evidence, for aught we know, of an intention to dedicate. A permission to pass over land may prove an intention to dedicate or a mere license revocable at the will of the owner; and we think that the mere permission to pass over land ought in this state to be regarded as a license. For why shall we infer that an individual makes a gift of his property to the public from an equivocal act, which equally proves an intention to grant a mere revocable license ? The public is not injured by this view of the subject. It has the accommodation of the road as long as the license continues, and after *636 the license is revoked, the road may be made public if the public convenience requires it, by making compensation to the owner.
It is clear that there must be not only a dedication, but an acceptance of the road. What is an acceptance ? Is the mere passing over the road by individuals an acceptance ? If so what number of persons passing over it will amount to an acceptance — ten, fifteen, twenty, or what number ? It is obvious, if the acceptance depends upon the number of persons passing over the road, there will be often great uncertainty, whether the road be public or not, which may give rise to much troublesome litigation. To guard against this uncertainty and litigation, the right of acceptance ought to be vested in some public body. And we think that by the laws of this state this right is vested in the County courts. They alone are authorized to establish public roads, and they are to see that they are kept in repair. If we are right in this opinion, the acceptance of a public road must be by record; for the County courts can speak only by record. We do not mean that there must be a formal acceptance entered on the records of the Court. Any entry shewing that the Court regards the road as a highway will be sufficient, as laying it off into precincts and appointing surveyors or overseers over it and the like.
We do not wish to be understood as deciding that a road may not become a public road in any. other manner than by the formal proceeding required by our laws. On the contrary we are of opinion that if the County court lays off a road, before used, into precincts, or appoints an overseer or surveyor, thereby claiming the road as a public one, and if after notice of such claim the owner of the soil permits the road to be passed over for any long continuance, the road may be well inferred to be a public one. All that we mean to say is, that a mere permission to pass over a road is *637 without more, to be regarded as a license, and that the acceptance of a road must be by the County court and proved by record.
We desire it to be understood that this opinion applies to roads in the country only, and not to streets and alleys in towns. As to them the acts of the corporation officers may have the same effect as the acts of the County courts. Nor is this opinion to apply to roads laid off by the owner of the soil, previous to a sale of the lands in parcels and with the view of enhancing the sale. Such roads, though not public roads, cannot be closed by the owner of the soil.
The judgment of the Court is: This Court is of opinion and doth decide that a new trial ought to be awarded : Which is ordered to be certified to the Circuit court.